# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Kelley-Abdulkarim Jalal, | ) | CASE NO. 1:25 CV 02005 |
| for Life Estate other | ) | |
| Abdulkarim Jalal Kelley | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| Navy Federal Credit Union, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

Plaintiff Kelley-Abdulkarim Jalal "for Life Estate other Abdulkarim Jalal Kelley," proceeding *pro se*, filed this civil action against the Navy Federal Credit Union, the U.S. Treasury, "State of Michigan-Capital Complex," and "State of Ohio-Ohio State House." (Doc. No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (Doc. No. 2), which the Court grants. For the following reasons, the Court dismisses the action.

## BACKGROUND

Plaintiff's complaint is composed entirely of incoherent and meaningless rhetoric. In his statement of a claim, Plaintiff states that "I am Principal & Beneficiary [of] my Estate, Deed of Conveyance, Trust Transfer Grantors Deed, County lien, Security agreement, Title, Financing Statement and exemplified Name Decree are all on County record and I'm perpetual secured party in a 14 quadrillion dollar perfected security." (Doc. No. 1 at 4). He attaches to the complaint a "cover letter" to the Clerk of Court, labeled as "federal equity filing." (Doc. No. 1-

2). In this letter, Plaintiff refers to himself as "Secured Party, Living Executor in Equity for Crown Jewel Family Trust and Abdul Karim J. Kelley Foreign Trust" and states that he seeks a full accounting, recoupment, liquidation, and deposit of all accounts and property interests held in the name of the "decedent estate/legal fiction styled Abdul Karim Jalal Kelley." (*Id.*). The letter apparently provides instructions to the Clerk of Court concerning "all funds recouped from all accounts." (*Id.* at 4).

In his request for relief, he asks the Court "to enforce liquidate any and all associated funds/securities acknowledge with declaratory judgment the family of Principal Beneficiary and Life Estate for Full Administration of Estate and All pre-exemplified filings for perpetual establishing." (Doc. No. 1 at 4).

## STANDARD OF REVIEW

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application. Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the

factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

As an initial matter, the complaint consists only of incoherent, conclusory assertions, providing no facts upon which a court could find defendants engaged in any wrongdoing.

This Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).

However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

Here, Plaintiff's complaint, even liberally construed, fails to meet the most basic pleading standard, as the pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint is completely devoid of intelligible facts. Further, it fails to assert a cognizable claim within the jurisdiction of this Court based on any recognized legal authority, and the Court finds there is no cause of action readily identifiable in the complaint. Additionally, the complaint fails to connect any alleged occurrence to a specific injury, and Plaintiff fails coherently to identify how each defendant has harmed him. Plaintiff's pleading, rather, is nothing more than a mere "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff, therefore, fails to meet the minimum pleading requirements of Rule 8, and the complaint must be

dismissed on this basis. *Id.*

## CONCLUSION

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and DISMISSES the action pursuant to 28 U.S.C. §1915(e). Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be made in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/7/25